IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP S. KOHR, | ) | CASE NO. 5:18-cv-02504 |
| | ) | |
| | ) | JUDGE SARA LIOI |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| v. | ) | |
| | ) | |
| SHANNON A. CARLOUGH, et al., | ) | **MEMORANDUM OPINION & ORDER** |
| | **)** | |
| Defendants. | ) | |

On February 19, 2019, the Court referred Defendant Great West Casualty Company's ("Great West") Notice of Discovery Dispute (Doc. 12) to the undersigned for resolution. Doc. 13. The discovery dispute pertains to Plaintiff's assertion of attorney-client privilege in response to two interrogatories that Great West propounded to Plaintiff. The two interrogatories are:

INTERROGATORY NO. 11:

Did any attorney or law firm refer you to Oakland Park Injury and Rehabilitation?

ANSWER:

Objection. Attorney-client privilege.

INTERROGATORY NO. 12:

If your answer to interrogatory #11 is yes, provide the name of the attorney or the law firm that referred you to Oakland Park Injury and Rehabilitation?

ANSWER:

Objection. Attorney-client privilege.

Doc. 12, pp. 1-2; Doc. 12-1, pp. 2-3.

1

The parties were ordered to meet and confer to try to resolve their dispute without further court involvement. Doc. 14. In their February 25, 2019, Joint Status Report, the parties advised the Court that they were unable to resolve their dispute. Doc. 15. Thereafter, the parties were provided an opportunity to and did submit letter statements in support of their respective positions. Doc. 16; Doc. 17.

This is a diversity jurisdiction case in which Plaintiff seeks to recover damages for injuries sustained in a motor vehicle accident. Doc. 1, pp. 2-3; Doc. 1-1. "In a diversity case, the court applies federal law to resolve work product claims and state law to resolve attorney-client claims." *In re Powerhouse Licensing, LLC*. 441 F.3d 467, 472 (6th Cir. 2006). Thus, Ohio law applies to the parties' dispute as to whether attorney-client privilege applies. "When the state's highest court has not weighed in on an issue, lower court decisions are persuasive, but not controlling." *See Cranfield v. State Farm Fire & Cas. Co.*, 340 F. Supp. 3d 670, 672–73 (N.D. Ohio 2018) (citing *King v. Order of United Commercial Travelers of America*, 333 U.S. 153, 160–61, 68 S.Ct. 488, 92 L.Ed. 608 (1948) and *Honeywell Int'l, Inc. v. Lutz Roofing Co.*, 433 F. App'x 399, 405 (6th Cir. 2011)); *see also Hart v. Honeywell International,* 2017 WL 1235000, * 6 (N.D. Ohio Apr. 2017) ("The Supreme Court has also held that while the decrees of lower state courts should be attributed some weight... the decision [is] not controlling . . . when the highest court of the state has not spoken....") (citing *Commissioner of Internal Revenue v. Estate of Bosch*, 387 U.S. 456, 466 (1967) (*quoting King v. Order of Travelers*, 333 U.S. 153 (1948) (internal quotations omitted)).

The Supreme Court of Ohio has explained that the attorney-client privilege in Ohio is governed by statute, R.C. § 2317.02(A), or, in cases not covered by the statute, by common law.

*State ex. rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 264 (2005).[1]  The testimonial privilege set forth in R.C. § 2317.02(A) is not at issue here.  Thus, analysis of the attorney-client privilege under common law is required.

The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves the public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Leslie*, 105 Ohio St.3d at 264 (citing *inter alia*, *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1991)). Pursuant to the attorney-client privilege, "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived." *Leslie*, 105 Ohio St.3d at 265 (citing *inter alia Reed v. Baxter* 134 F.3d 351, 355–56 (6th Cir. 1998)).  "The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn*, 449 U.S. at 395.

Great West argues that it is only seeking facts, not communications, whereas Plaintiff contends that Great West seeks to discover privileged communications.  It appears that the Supreme Court of Ohio has not issued a decision that is directly on point; neither party has cited such a case and the Court's research has located none.  Plaintiff relies upon a decision from the

---

[1] Under R.C. § 2317.02(A), absent consent or waiver, an attorney is precluded from testifying "concerning a communication made to the attorney by a client in that relation or concerning the attorney's advice to a client."  R.C. §2317.02(A); *Leslie*, 105 Ohio St. 3d at 264.

Supreme Court of Florida – *Worley v. Cent. Fla. YMCA, Inc.*, 228 So.3d 18, 20 (Fla. 2017). Great West relies on a ruling entered on a motion in limine by a judge of the Cuyahoga County Court of Common Pleas – *Plogger v. Myers*, Cuyahoga C.P No. CV-15-853792 (Nov. 21, 2016).[2] In that case, plaintiff filed a motion in limine seeking an order that the attorney-client privilege precluded the defense from asking the plaintiff at trial who advised or referred the plaintiff to his treating physician. *Id.*. The trial court denied the motion in limine, finding that the question asked about a fact, not the details of a conversation between the plaintiff and his attorney. *Id.*; *see also Plogger v. Myers*, 2017-Ohio-8229, 100 N.E. 3d 104, 105 (8th Dist. 2017). The plaintiff took an appeal from the trial court's denial of his motion in limine. *Plogger*, 100 N.E. 3d at 105-107. The Eighth District Court of Appeals found the ruling was not a final appealable order. *Id.* at 106-107. Therefore, the appeal was dismissed without the appellate court making a determination regarding the merits of the attorney-client privilege issue raised. *Id.*

This Court finds that the interrogatories at issue here seek to elicit communications between Plaintiff and his counsel, not just underlying facts. The underlying fact, i.e., that Plaintiff treated at Oakland Park Injury and Rehabilitation, is known. Defendant's interrogatories go beyond facts. They seek to learn the contents of communications that may have occurred between Plaintiff and his counsel relative to injuries allegedly sustained as a result of the automobile accident. The communications were made in the context of Plaintiff's seeking legal advice and are privileged because they meet the criteria adopted by the Supreme Court of

---

[2] Great West also relies on an unpublished state court of appeals' decision, *Gill v. Wolf*, 11th Dist. Geauga No. 2000-G-2294, 2001 WL 799730 (July 13, 2001). However, *Gill* did not involve the question at issue in this dispute. In *Gill*, the court held that asking when a party hired or first contacted his attorney is permissible because it does not call for the disclosure of a privileged communication between the attorney and client. *Gill*, 2001 WL 799730 at **1-2.

Ohio and set forth above. *Leslie*, 105 Ohio St.3d at 265 (citing *inter alia Reed v. Baxter* 134 F.3d 351, 355–56 (6th Cir. 1998)). Allowing such inquiry would run counter to the intent of the attorney-client privilege, which "is to encourage full and frank communication between attorneys and their clients . . ." *Leslie*, 105 Ohio St.3d at 264. Therefore, the Court finds that the attorney-client privilege applies and Plaintiff is not required to answer the two interrogatories at issue in this discovery dispute.[3]

In reaching this decision, the Court recognizes that an opposite result was reached by the trial court in *Plogger* in ruling on a motion in limine. While the Court has considered that ruling, it is not binding and the undersigned respectfully disagrees with it. Further, as noted above, the ruling in *Plogger* was not a final appealable order and, therefore, the state court of appeals made no determination on the merits of the attorney-client privilege issue. *Plogger*, 100 N.E. 3d at 106-107.

For the foregoing reasons, the Court denies Great West's request that Plaintiff be compelled to answer the two interrogatories at issue in this dispute.

IT IS SO ORDERED.


Dated: March 6, 2019                  */s/ Kathleen B. Burke*
                                       Kathleen B. Burke
                                       United States Magistrate Judge

---

[3] Great West contends that, even if privilege applies, a waiver of that privilege occurred because Plaintiff "provided records, reports, and bills from Oakland Park and a chiropractor will be a witness." Doc. 17, p. 3. This argument is conclusory and unsupported. There is no indication that Plaintiff disclosed to a third party the content of attorney-client communications.